IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY CROWLEY,

       Plaintiff,                                      OPINION AND ORDER

      v.                                                 12-cv-486-wmc

JANEL NICKEL, TIM DOUMA
and MICHAEL MEISNER,

       Defendants.

---

      State inmate Timothy Crowley filed this civil action pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement in the Wisconsin Department of Corrections. Defendants subsequently filed a motion for summary judgment, arguing that the complaint must be dismissed because Crowley failed to properly exhaust available administrative remedies with respect to his claim in compliance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Crowley filed no response to this motion and his time to do so has long since expired. After considering all of the pleadings and exhibits, the court will grant defendants' motion and dismiss this case for reasons set forth below.

FACTS

      The claims in this case stem from an incident that occurred on September 10, 2011, while Crowley was in custody at the Columbia Correctional Institution ("CCI"). On that occasion, Crowley was scheduled for transport to a local hospital for treatment. While off site, Crowley was required to wear a REACT (Remote Electronically Activated Control Technology) shock belt on his right leg. Soon after the shock belt was placed on Crowley's leg, "it activated on its own . . . causing extreme pain, fear, and later some incontinence."

The court granted Crowley leave to proceed with his claim that the defendants (CCI's Security Director, Janel Nickel, Deputy Warden Tim Douma and Warden Michael Meisner) required him to wear the REACT shock belt in violation of the Eighth Amendment. In response, defendants filed a motion for summary judgment, arguing that the complaint must be dismissed because Crowley did not file a timely grievance, comply with prison procedures, or exhaust available administrative remedies before filing suit as required by the PLRA.

OPINION

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The applicable substantive law will dictate which facts are material. *Anderson*, 477 U.S. at 248; *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). A factual dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

Crowley filed no response to defendants' motion or any of the proposed facts. Therefore, the court will treat the facts proposed by defendant as undisputed to the extent supported by admissible evidence. *Doe v. Cunningham*, 30 F.3d 879, 883 (7th Cir. 1994); *Strong v. Wisconsin*, 544 F. Supp. 2d 748, 759-60 (W.D. Wis. 2008). Because the record confirms that Crowley did not comply with prison procedures or exhaust available administrative remedies as required before filing this suit, the court concludes further that defendants are entitled to summary judgment.

I.  Exhaustion of Administrative Remedies

The PLRA prohibits any civil action by a prisoner in federal court under 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement found in § 1997e(a) applies to all inmate suits about prison life, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of all administrative procedures before an inmate can file any suit challenging prison conditions.  *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Jones v. Bock*, 549 U.S. 199, 212 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") in all state adult correctional facilities so that inmate grievances about prison conditions may be expeditiously raised, investigated and decided. *See* Wis. Admin. Code § DOC 310.04. Once an inmate files a formal complaint, an Inmate Complaint Examiner ("ICE") is assigned to investigate and recommend a decision to the "appropriate reviewing authority," such as a warden, bureau director, administrator or designee who is authorized to review and decide an inmate complaint at the institution level.  *Id.* at § DOC 310.07(2).

ICE may return a complaint to the inmate if it does not comply with ICRS procedure. *Id.* at § DOC 310.07(1).  Pursuant to Wis. Admin. Code § DOC 310.11(5), ICE may reject a complaint for any of the following reasons:

3

      a. The inmate submitted the complaint solely for the purpose of harassing or causing malicious injury to one or more of the department's employees, agents, independent contractors, or any other person.
      b. The inmate does not raise a significant issue regarding rules, living conditions, or staff actions affecting institution environment.
      c. The inmate submitted the complaint beyond 14 calendar days from the date of the occurrence giving rise to the complaint and provides no good cause for the ICE to extend the time limit.
      d. The issue raised in the complaint does not personally affect the inmate.
      e. The issue is moot.
      f. The issue has already been addressed through the inmate's prior use of the ICRS.
      g. The issue raised is not within the scope of the ICRS as defined in § 310.08.

If an inmate has submitted a proper complaint in compliance with ICRS procedure, *see id.* at § DOC 310.11(5), he has the right to appeal any adverse decision to the Corrections Complaint Examiner ("CCE"), who will review the complaint and make a recommendation to the Office of the Secretary. *See id.* at § DOC 310.13. The Secretary of the Wisconsin Department of Corrections shall review the CCE's report and make a final decision. *See id.* at § DOC 310.14. If the inmate's complaint is rejected for reasons outlined in § DOC 310.11(5), the CCE does not review the rejected complaint. According to Wis. Admin. Code § 310.11(6), an inmate may appeal a rejected complaint within 10 calendar days only to the appropriate reviewing authority, who shall only review the basis for the rejection of the complaint. The reviewing authority's decision is final.

## II. Crowley Failed to Comply with Administrative Procedures

The incident that forms the basis for Crowley's complaint occurred on September 10, 2011. On September 27, ICE logged in Offender Complaint CCI-2011-19445, which Crowley had executed on September 25. (Dkt. # 33, *Lane Aff.*, ¶ 12 & Exh. B.) ICE also reviewed the complaint and determined that Crowley failed to comply with § DOC

4

310.11(5), which requires inmate complaints to be submitted within 14 calendar days from the date of the occurrence giving rise to the complaint. After finding no basis to extend the time limit, ICE rejected it as untimely.  Warden Meisner, as the reviewing authority, considered that decision and found that the complaint was appropriately rejected as untimely in accordance with § DOC 310.11(5).

Crowley neither disputes that his complaint concerning the September 10 incident was untimely, nor that he failed to comply with prison grievance procedures.  The Supreme Court has emphasized that the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), mandates "proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which demands compliance with prison procedural rules.  As the Supreme Court has recognized, "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  *Porter*, 534 U.S. at 524.  By requiring exhaustion of administrative remedies, Congress hoped that "corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation."  *Id.* (citing *Booth*, 532 U.S. at 737).  Thus, the Supreme Court has made clear that prisoners may not deliberately bypass the administrative process by flouting an institution's procedural rules.  *See Woodford*, 548 U.S. at 96-98.

Crowley's failure to comply with prison administrative procedures violates the PLRA's exhaustion requirement found in § 1997e(a), which mandates exhaustion *before* filing suit. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Pozo v.*

5

*McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Because there is no disputed issue of fact that Crowley failed to exhaust available administrative remedies before filing suit in federal court, defendants are entitled to summary judgment on this issue and the case will be dismissed without prejudice.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment (dkt. # 31) is GRANTED and this case is DISMISSED without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997a(e).

2. Plaintiff's motions for assistance in recruiting counsel (dkt. #36, 37) are DENIED as moot.

3. The clerk of court will enter judgment in favor of defendants and close this case.

Entered this 30th day of September, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge